[No. 4049-II. Division Two. September 8, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY LEE GEAR, *Appellant*.

*John L. Farra,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* and *Michael G. Spencer, Deputy,* for respondent.

PETRICH, J.—Larry Gear appeals his conviction of second degree burglary and the subsequent determination of his status as a habitual criminal pursuant to RCW 9.92.090.[1] We affirm his burglary conviction, finding substantial evidence in support thereof, but vacate the habitual criminal determination on the ground that the State failed to make the requisite showing of the voluntariness of defendant's prior pleas of guilty.

The essential facts of this case are as follows. In the early hours of August 30, 1978, three police officers responded to an electronic burglar alarm in an Aberdeen office building.

---

[1] Because of the manner in which we decide this case, we need not consider defendant's other arguments relating to denial of his discovery motions, granting of prosecution motions to quash subpoenas in the habitual criminal proceeding, admission of defendant's out-of-court testimony without holding a CrR 3.5 hearing, and his contention that a life sentence under the circumstances of this case is cruel and unusual punishment in violation of the Eighth Amendment.

Soon after their arrival at the scene, one of the officers detected someone moving about inside the unlighted building. Receiving no response after knocking on the doors and windows of the building, and commanding the intruder to come out, two officers climbed through an unlocked window. During their search of the building, the officers noticed footprints on bookshelves below a hatch leading to a dark crawl space above the ceiling. In the crawl space they found defendant crouching down and fumbling with something. After placing defendant under arrest, one of the officers climbed into the area where Gear had been, and discovered a sheath knife, small screwdriver, and a pocket-pen flashlight.

At defendant's trial held in November 1978, the officers testified to the circumstances preceding his arrest. An owner of the building also testified that no one other than an employee had permission to be in the building at that hour. There was no explicit testimony, however, indicating that defendant was not an employee, and thus lacked permission to enter or remain on the premises. Although defendant had no keys to the building, there was no evidence of forced entry. A jury found defendant guilty of second degree burglary, and on appeal, as in his motion to dismiss below, defendant contends that there was not substantial evidence that his entering or remaining on the premises was "unlawful." See RCW 9A.52.030. Following his conviction for the instant offense, a habitual criminal proceeding was held before a jury. The jury found that defendant was a habitual criminal on the basis of two prior convictions based on a plea of guilty entered in California on August 2, 1976, and a plea of guilty to attempted second degree burglary entered December 1, 1978, in Grays Harbor County. At the habitual criminal proceeding, the State introduced no evidence showing that the two plea–based convictions were obtained through use of voluntarily and intelligently made pleas of guilty. Defendant made no objection below on this ground, raising the issue of voluntariness of the prior pleas for the first time on appeal.

The first issue we address is whether defendant's conviction of second degree burglary is supported by substantial evidence.

A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle. RCW 9A.52.030. The element of intent may be inferred unless the accused satisfactorily explains to the trier of fact that his entering or remaining was done without criminal intent. *See* RCW 9A.52.040. In a criminal case, the test for determining the sufficiency of the evidence is whether, "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Jackson v. Virginia,* 443 U.S. 307, 334, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *accord, State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). Any challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. *State v. Holbrook,* 66 Wn. 2d 278, 401 P.2d 971 (1965).

In the present case, defendant contends that the State's failure to elicit express testimony that he was not in fact an employee who was present in the building with the permission of the owners was tantamount to a failure to prove that his entering or remaining therein was "unlawful." We cannot accept this argument. Defendant's entering or remaining in the building was "unlawful" because of his apparent intent to commit a crime therein. *See State v. Gregor,* 11 Wn. App. 95, 521 P.2d 960 (1974). Not only may defendant's criminal intent be statutorily inferred, in the absence of an explanation satisfactory to the trier of fact, as mentioned above, but under the facts of the present case, it would have been difficult for the jury to infer otherwise. Placed before the jury was undisputed evidence that (1) defendant was found hiding in a dark crawl space above the ceiling; (2) a burglar alarm had been set off; (3) the lights were out; (4) defendant disobeyed police orders to exit the

building; (5) it was approximately 2 a.m.; (6) defendant had no keys to the building, and (7) a knife, pocketpen flashlight and screwdriver were recovered from defendant's hiding place. From this evidence and reasonable inferences of intent therefrom, we hold that any rational trier of fact could have found the essential elements of the crime, including the element of "unlawfulness," beyond a reasonable doubt.

The next and final issue we need consider is whether the failure of the State to affirmatively prove the voluntariness of defendant's prior guilty pleas, even though defendant raised no objection on this ground at the time of the habitual criminal proceeding, requires a remand for a determination of the voluntariness of those pleas. In *State v. Holsworth*, 93 Wn.2d 148, 607 P.2d 845 (1980), which was decided while review of this case was pending, our State Supreme Court held, based on principles enunciated in *Boykin v. Alabama*, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969) and *Wood v. Morris*, 87 Wn.2d 501, 554 P.2d 1032 (1976), that once a defendant in a habitual criminal proceeding challenges the validity of a former guilty plea introduced by the State to prove his habitual criminal status, the State has the burden of proving beyond a reasonable doubt that, prior to entering the guilty plea, the defendant had been apprised of the nature of the offense and the consequences of his plea. For pleas entered prior to September 1976, the date *Wood v. Morris* was filed, the voluntariness of the pleas may be shown by extrinsic evidence. *State v. Holsworth, supra.* For pleas entered thereafter, *Wood v. Morris* has determined that the constitution and CrR 4.2 require the record to disclose that the guilty plea was entered voluntarily and with knowledge of its consequences.

Because of the significance of the *Holsworth* decision to resolution of the present case, this court entered an order following oral argument for further briefing on the issue of whether the rule established in *Holsworth* should be applied to the present case. In its supplemental brief, the

State asserts that *State v. Holsworth* is inapplicable to the case at bench because (1) its rules should be restricted to pre–*Boykin* guilty pleas; (2) defendant raised the issue of voluntariness of his prior pleas for the first time on appeal; and (3) even if applicable, the rule of *Holsworth* is not retroactive. We cannot agree.

 It follows as a matter of logic that if the State must affirmatively show that pre–*Boykin* pleas it introduces as evidence in a habitual criminal proceeding were voluntarily, and thus validly made, the same principle should apply a fortiori to post–*Boykin* pleas. Indeed, in a decision following close on the heels of *State v. Holsworth,* our Supreme Court applied the principle of that case to a situation where post–*Boykin* pleas were introduced at a habitual criminal hearing. *See State v. Rinier,* 93 Wn.2d 309, 609 P.2d 1358 (1980). As for the State's contention that the issue of voluntariness of the prior pleas was not timely raised, we need only recite the well established rule that errors of constitutional magnitude, unlike other errors, may generally be raised for the first time on appeal. *See, e.g., State v. Ruzicka,* 89 Wn.2d 217, 570 P.2d 1208 (1977). The use in a habitual criminal proceeding of guilty pleas not shown to have been validly obtained, effectively "renews" the constitutional violation inherent in the initial uninformed pleas of guilty, resulting in a denial of due process. *Holsworth,* 93 Wn.2d at 157, citing *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967). Thus defendant's failure to present the issue below does not preclude its consideration upon appeal.[2] Finally, in view of *In re Lee,* 95 Wn.2d 357, 623 P.2d 687 (1980), which applied the *Holsworth* rule to the benefit of a personal restraint petitioner 3 years after his conviction, there can be little doubt that *Holsworth* also inures to the benefit of defend-

---

[2]In dictum, our Supreme Court has recently stated that "even though a petitioner raised no objection at trial to the admissibility of evidence of a prior conviction based on pre–*Boykin* guilty pleas, as a matter relating to a constitutional right he would not have been precluded from raising the issue on appeal." *In re Lee,* 95 Wn.2d 357, 364, 623 P.2d 687 (1980).

ant in the present case, whose appeal was pending at the time *Holsworth* was decided.

Accordingly, although we affirm defendant's conviction of second degree burglary, the habitual criminal determination cannot stand. We set aside the habitual criminal determination, and remand that issue to the trial court for resentencing proceedings in which the State shall be given the opportunity to establish that defendant's prior convictions, relied on in the habitual criminal proceeding, were validly obtained.

PEARSON, A.C.J., and PETRIE, J., concur.

Reconsideration denied October 7, 1981.

Review denied by Supreme Court December 3, 1981.