[No. 6537–1–II. Division Two. March 5, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. JERRY WALLACE DAVIS, *Appellant.*

*Mark F. Baum*, for appellant.

*Arthur D. Curtis, Prosecuting Attorney*, for respondent.

ALEXANDER, J.—Jerry W. Davis appeals his jury conviction as an accomplice to first degree robbery while armed with a deadly weapon and firearm. We affirm the conviction

for robbery but reverse the sentence–enhancing firearm and deadly weapon findings.

On March 22, 1982, Davis and his girl friend hitched a ride in Oregon with John Sanders and Larry Lenon, driving north in a red Ford pickup truck. The girl friend was dropped off in Salem and the three men then went on to Vancouver, Washington. At about 9:40 that evening, Sanders went to Chuck's Union 76 Station in Vancouver and committed an armed robbery. He entered the station on the pretense of asking for change, held out what appeared to be a small chrome revolver and a paper bag, and told the station owner to "put it in there." The owner testified that the gun looked real, although it "was kind of flaking off like it maybe had been dug up out of the dirt or something." He stated that the presence of the gun definitely influenced his cooperation with the robber. Later that evening the victim was able to identify the gun when it was shown to him and he identified it again in court.

After leaving the station with approximately $212, Sanders ran up a nearby hill. The owner chased him briefly, then called the Clark County Sheriff.

Deputy Evans, who was in the vicinity, answered the dispatch call about the robbery. As he drove up the hill in the direction Sanders had run, he saw a red Ford pickup truck parked with its lights off and its passenger door open. As he drove toward the truck, a man, later identified as Sanders, came running toward it from the vicinity of the gas station. Before Sanders could get in the truck, he threw in a paper bag; the truck then drove off leaving a cloud of dusty gravel. The deputy was able to see one man in the driver's seat and another in the passenger seat. Deputy Evans gave chase with his lights and siren activated and after a few blocks the passenger, later identified as Davis, threw a paper bag and currency out on the roadside. The truck was ultimately stopped and Davis and the driver, Lenon, were taken into custody. Sanders was later found nearby with the gun and was identified by the station owner.

Lenon and Sanders pleaded guilty to a charge of armed

robbery. Davis was convicted as an accomplice to first degree robbery, with the jury making both firearm and deadly weapon findings.

At trial, Sanders testified, to the prosecution's surprise, that Davis had not known of the robbery plans or gun. The prosecution then elicited from Sanders his admission that he had given a previous statement in his own handwriting to his probation officer, inconsistent with his in–court testimony. In response to questioning, he acknowledged having stated that he, Lenon, and Davis had talked about "knocking off" a gas station. He claimed, however, that the earlier statement was a lie he had told to "help myself out at sentencing." The prior written statement, though marked as an exhibit, was not offered into evidence. Davis did not object to this examination and sought no limiting instruction telling the jury how to consider this evidence.

■ The defendant assigns error to the court's failure to give defendant's proposed instruction on knowledge.[1] We find no merit in this contention. The court's instruction on acting knowingly or with knowledge is a correct statement of the law. The instruction is the pattern instruction, WPIC 10.02, and complies with the requirements established in *State v. Shipp,* 93 Wn.2d 510, 610 P.2d 1322 (1980), which held it was error to instruct in the language of the statute (RCW 9A.08.010(1)(b)(ii)). The instruction given by the court in this case permits, but does not require, an inference of knowledge if a person has information which would lead a reasonable person to believe that facts exist which are described by law as being a crime. Contrary to

---

[1]The defendant's proposed instruction on knowledge is as follows:

"A person knows or acts knowingly or with knowledge if under the same or similar circumstances to this case an ordinary person having the same information as the defendant would have known that his act or acts were in violation of the law.

"Even if you find that an ordinary person would have had knowledge under the circumstances, you may nonetheless conclude that defendant was less attentive or intelligent than the ordinary person, and if you find that defendant was less attentive or intelligent than the ordinary person, you may conclude that defendant acted without knowledge."

defendant's assertion, the instruction allowed the jury to consider the subjective intelligence or mental condition of the defendant.

The defendant argues further that the trial court erred in failing to require the State to prove beyond a reasonable doubt that the defendant, as an accomplice, was aware of the principal's possession of a firearm during the commission of the substantive crime of robbery in the first degree. Davis does not assign error to any instruction of the court, but even if he had, the contention is not supported. In *State v. Davis*, 101 Wn.2d 654, 682 P.2d 883 (1984), our Supreme Court held that, to be guilty as an accomplice to the crime of first degree robbery, the accomplice need not have known that the principal was armed with a deadly weapon during the commission of the crime.

Davis next assigns error to the trial court's failure to dismiss the charges due to insufficiency of evidence. In reviewing a criminal conviction by jury verdict, the appellate court must view the evidence most favorable to the State and determine whether any rational trier of fact could find guilt beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980). With that test in mind, the court must look, in turn, at all the evidence before the jury since the entire verdict is being challenged.

## ACCOMPLICE LIABILITY FOR ROBBERY

Clearly there was sufficient evidence for the jury to conclude that Davis was an accomplice to the crime of robbery. Testimony disclosed that Davis was present in the truck used in the robbery. He was also identified by Deputy Evans as having received the stolen money from Sanders immediately after the robbery and having tried to dispose of it hastily as he and Lenon were being pursued. There was considerable evidence that he had long known the other defendants, and had initially lied about his involvement in throwing the money out the window. The jury also heard Sanders acknowledge his prior inconsistent statements which evidenced both a plan for robbery and Davis'

awareness of the plan. Since no objection was made to the statement and no limiting instruction was sought, the jury could consider it as substantive evidence as well as evidence of Sanders' credibility. When viewed in the light most favorable to the State, the evidence was sufficient to say that a rational trier of fact could find the elements of the offense. While some of the evidence is circumstantial, circumstantial evidence by itself may sustain a conviction. *State v. Weaver*, 60 Wn.2d 87, 371 P.2d 1006 (1962).

### JURY'S DEADLY WEAPON FINDING

There is ample evidence that Sanders was armed with a deadly weapon. The gas station owner believed Sanders had a firearm and later identified the object that Sanders carried in the robbery. The object was seized and entered into evidence, and it is clear that it was a firearm. A gun is a deadly weapon whether or not it is loaded. *State v. Rahier*, 37 Wn. App. 571, 681 P.2d 1299 (1984). We do not believe, however, that there is sufficient evidence in the record to prove that Davis knew Sanders was armed with the deadly weapon. Therefore, the jury finding is unsupported and must be reversed.

As stated above, it is not necessary for the jury to be convinced that Davis knew Sanders was armed to support a conviction as an accomplice to first degree robbery. However, our Supreme Court in *State v. McKim*, 98 Wn.2d 111, 653 P.2d 1040 (1982) held that the sentence of an unarmed defendant may not be enhanced under RCW 9.95.015 and .040 based on a coparticipant's possession of a deadly weapon unless the State proves beyond a reasonable doubt that the defendant *knew* the coparticipant was armed with a deadly weapon when the crime was committed. Sanders' testimony at trial was that he had found the gun in the glove box of the truck when they stopped in Salem. He testified that he took the gun out and placed it in his pocket while Davis was inside his girl friend's house. He testified that Davis did not see this happen. While Sanders' prior handwritten statement is not in evidence, his discussion of

it in testimony does not indicate that he had previously said Davis knew about the gun before the robbery. This, coupled with Davis' own testimony that he did not know of the gun, suggests that a rational trier of fact could not be convinced beyond a reasonable doubt that Davis had the requisite knowledge of the existence of the deadly weapon used in the commission of the robbery.

## JURY'S FIREARM FINDING

■ It logically follows that if there was insufficient evidence to support the jury's finding that Davis knew Sanders was armed with a deadly weapon, the evidence is also lacking to support the firearm finding. The firearm and deadly weapon possessed by Sanders are the same object. We see no reason to conclude that a jury must be convinced that an accomplice knew the robber was armed with a deadly weapon to support that finding, but need not be convinced of the accomplice's awareness of the firearm to justify a firearm finding. To so conclude would defy reason and be inconsistent with decisions construing the statutes relating to deadly weapons and firearms similarly.[2] This is especially true where, as here, the deadly weapon is itself a firearm. In *State v. Theroff,* 95 Wn.2d 385, 622 P.2d 1240 (1980), it was held that in respect to either enhancement statute, RCW 9.41.025 (firearm) and RCW 9.95.040 (deadly weapon), the State must give a separate notice of intent to rely or be precluded from imposition of enhanced punishment. In *State v. Hattori,* 19 Wn. App. 74, 573 P.2d 829 (1978), the court stated that both enhancement statutes have a similar purpose and should be interpreted consistently wherever possible. In *State v. Russell,* 25 Wn. App. 933, 611 P.2d 1320 (1980), it was held that a principal would be treated the same as an accomplice and that RCW 9.41.025 could be applied to an accomplice even though the principal was unarmed and unaware the accomplice had a

---

[2]RCW 9.95.040, the deadly weapon enhancement statute, and RCW 9.41.025, the firearm enhancement statute, have been repealed with respect to crimes committed on or after July 1, 1984. Laws of 1981, ch. 137, §§ 32, 38.

gun. The court went on to say:

> While a principal may not be subject to the penalty enhancement provisions *where he is unarmed and without knowledge that his accomplice is armed,* this does not mean that the provision is inapplicable to the armed accomplice.

(Italics ours.) *Russell,* at 938. Furthermore, in both enhancement statutes, possession is defined identically.

Therefore, we conclude that while Davis' conviction as an accomplice to robbery in the first degree is amply supported by the evidence and should be affirmed, there is insufficient evidence to support the special findings of the jury as to firearm and deadly weapon. Those findings should be vacated. Since the discretion of the trial judge is limited by the firearm finding, RCW 9.41.025(1), we remand this matter to the trial court for resentencing.

WORSWICK, C.J., and PETRICH, J., concur.