[No. 17762-1-I.   Division One.   June 3, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. PAMELA A. KEES, *Appellant*.

<hr>

*John Christiansen* and *Raymond H. Thoenig* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Susan M. Roe, Deputy*, for respondent.

SCHOLFIELD, C.J.—Pamela Kees appeals her conviction for promoting prostitution in the first degree, asserting instructional error and that the evidence was insufficient to convict. We reverse and remand for resentencing for promoting prostitution in the second degree.

## FACTS

Kees was charged by information with promoting the prostitution of one Elizabeth Hunnicutt, who was less than 18 years of age. In January 1985, Hunnicutt and a friend ran away from a juvenile facility and met three men, who took the girls to a house belonging to Hughie Hagler. Hagler took the girls to the area near 14th and Yesler in Seattle and introduced them to Kees. Hagler told Kees to instruct the girls on how to engage in prostitution, including how to stop cars, how much money to ask for, and other specifics.

Hunnicutt testified that she engaged in many acts of prostitution during a 2–week period and that any money she received from acts of prostitution she immediately

turned over to Kees because she knew she would "get in trouble" if she tried to keep the money. Hunnicutt testified that Kees struck her, knocking her to the ground, for failing to make contact with a potential customer and also testified that Kees threatened to "break both [her] legs" if she tried to leave. Hunnicutt also testified to an incident in which Kees threatened her with a heated curling iron.

Hunnicutt testified that she turned 16 during the 2-week period, that on her birthday Kees and Hagler had a birthday cake for her, and that Kees was told that Hunnicutt turned 16. The State's evidence did not show that Hunnicutt engaged in acts of prostitution in King County after Kees found out how old she was. Kees argues, and the State concedes, that Hunnicutt's birthday was on February 11, and Kees, Hagler, Hunnicutt, and a few other girls traveled to Portland on February 12. In Portland, Hunnicutt engaged in prostitution twice, turning the money over to Hagler. Shortly thereafter, Hunnicutt solicited an undercover police officer and was arrested.

The only defense objection to the instructions concerned an alternative means for committing the offense charged, and the court struck that portion of the instruction. The defense made no other objections. Although Kees testified in her own defense, she was found guilty of promoting prostitution in the first degree.

### SUFFICIENCY OF THE EVIDENCE

RCW 9A.88.070, "Promoting prostitution in the first degree", reads in pertinent part:

(1) A person is guilty of promoting prostitution in the first degree if he knowingly:

. . .

(b) Advances or profits from prostitution of a person less than eighteen years old.

RCW 9A.88.060, "Promoting prostitution—Definitions", defines the following terms:

(1) "Advances prostitution." A person "advances prostitution" if, acting other than as a prostitute or as a customer thereof, he causes or aids a person to commit or

engage in prostitution, procures or solicits customers for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution.

(2) "Profits from prostitution." A person "profits from prostitution" if, acting other than as a prostitute receiving compensation for personally rendered prostitution services, he accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of prostitution activity.

■ Kees' first argument is that the phrase "advances prostitution" does not apply to her because at all times during her interactions with Hunnicutt, she was acting as a prostitute herself. While that is a possible interpretation of the definition of "advances prostitution", it is a basic rule of statutory construction that a statute which is susceptible of two interpretations will be given the interpretation which gives effect to the Legislature's intent. *State v. Hickok*, 39 Wn. App. 664, 695 P.2d 136 (1985). A court should avoid giving statutory language an interpretation which is strained or would lead to absurd results. *State v. Keller*, 98 Wn.2d 725, 657 P.2d 1384 (1983).

■ It is obvious that the legislative intent in enacting the criminal statute prohibiting the promotion of prostitution is to punish those who assist others to commit prostitution. The statute was drafted so that one acting as a prostitute would not, by virtue of that activity alone, be guilty of advancing prostitution. A reasonable construction consistent with the legislative intent is that one acting as a prostitute can also be guilty of advancing prostitution based on evidence of activities other than her own act of prostitution. Kees' first argument must fail.

Kees' next argument is that the State's evidence does not show that the money she received from Hunnicutt was accepted or received pursuant to an agreement or understanding whereby she would participate in the proceeds of

Hunnicutt's prostitution activity. In *State v. Yancy*, 92 Wn.2d 153, 594 P.2d 1342 (1979), the court defined the word "understanding" as "an informal agreement." *Yancy*, at 156. Kees makes a factual argument which the jury has resolved against her. Viewing the evidence in this case in the light most favorable to the State, we are satisfied that a reasonable trier of fact could find that an agreement or understanding existed that Kees was to share to some degree in the earnings of Hunnicutt as a prostitute.

Kees argues that the State presented no evidence that Hunnicutt engaged in acts of prostitution at Kees' direction in King County following Hunnicutt's disclosure to Kees of her age. The record does appear to be clear that the next act of prostitution performed by Hunnicutt after her birthday was in Portland, Oregon.

■ At common law, state jurisdiction over crimes is limited by the requirements that the prohibited conduct or result take place in the state and that each crime have only one situs. W. LaFave & A. Scott, *Criminal Law* 118 (1972).

RCW 9A.04.030 determines state criminal jurisdiction as follows:

The following persons are liable to punishment:

(1) A person who commits in the state any crime, in whole or in part.

(2) A person who commits out of the state any act which, if committed within it, would be theft and is afterward found in the state with any of the stolen property.

(3) A person who being out of the state, counsels, causes, procures, aids, or abets another to commit a crime in this state.

(4) A person who, being out of the state, abducts or kidnaps by force or fraud, any person, contrary to the laws of the place where the act is committed, and brings, sends, or conveys such person into this state.

(5) A person who commits an act without the state which affects persons or property within the state, which, if committed within the state, would be a crime.

(6) A person who, being out of the state, makes a statement, declaration, verification, or certificate under

RCW 9A.72.085 which, if made within the state, would be perjury.

We conclude both under the common law rules and consistent with RCW 9A.04.030, defining state criminal jurisdiction, that Kees cannot be found guilty in the state of Washington of promoting the prostitution of Hunnicutt with the knowledge that Hunnicutt was under 18 years of age. After Kees obtained knowledge of her age, the only acts of prostitution were performed in Oregon. Under these circumstances, as a matter of law, Kees cannot be guilty of promoting prostitution in the first degree.

However, the State did prove all of the elements of second degree promoting prostitution. RCW 9A.88.080 defines that crime as follows:

(1) A person is guilty of promoting prostitution in the second degree if he knowingly:
(a) Profits from prostitution; or
(b) Advances prostitution.

In order to find Kees guilty of promoting prostitution in the first degree, the jury necessarily had to find all elements of promoting prostitution in the second degree. Under these circumstances, the trial court can enter a judgment of guilty of promoting prostitution in the second degree. *State v. Martell*, 22 Wn. App. 415, 591 P.2d 789 (1979).

INSTRUCTION DEFINING "KNOWINGLY"

Kees argues that the trial court's instruction defining knowledge impermissibly allowed the jury to apply an objective standard to determine whether she acted knowingly or with knowledge.

The trial court's instruction 6 stated as follows:

A person knows or acts knowingly or with knowledge when he or she is aware of a fact, facts or circumstances or result described by law as being a crime.

If a person has information which would lead a reasonable person in the same situation to believe that facts exist which are described by law as being a crime, the jury is permitted but not required to find that he or she acted with knowledge.

Acting knowingly or with knowledge also is established if a person acts intentionally.

■ In *State v. Shipp*, 93 Wn.2d 510, 610 P.2d 1322 (1980), the Washington Supreme Court determined that only if a jury is instructed that it is *permitted but not required* to find knowledge if it finds that the defendant had "'information which would lead a reasonable man in the same situation to believe that [the relevant] facts exist'" can a definition of constructive knowledge be constitutional. *Shipp*, at 514.

The instruction given in the case before the panel is WPIC 10.02 (revised). This pattern instruction was construed in *State v. Davis*, 39 Wn. App. 916, 696 P.2d 627 (1985). There, we held that the instruction complied with the requirements established in *Shipp* because it allowed the jury to consider the subjective intelligence or mental condition of the defendant. *Davis*, at 919. Therefore, Kees' argument that the trial court erred in giving its knowledge instruction is without merit.

Kees' conviction of advancing prostitution in the first degree is reversed and remanded to the trial court with instructions to enter a judgment of guilty of advancing prostitution in the second degree and resentencing on the reduced charge.

COLEMAN and PEKELIS, JJ., concur.