[No. 18771–6–I.   Division One.   January 13, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. TU NAM SONG, *Appellant.*

*Geoffrey C. Cross,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Deborah J. Phillips, Senior Appellate Attorney,* for respondent.

COLEMAN, A.C.J.—Tu Nam Gallegos, a/k/a Tu Nam Song, appeals the trial court's refusal to allow her to withdraw her guilty plea and from the court's judgment and sentence imposing consecutive terms for a total of 90 days' incarceration.

On March 4, 1986, Gallegos pleaded guilty to one count of promoting prostitution in the second degree and to two counts of attempting to promote prostitution in the second degree. The promoting prostitution charge arose from Gallegos' acceptance of money from an employee in Gallegos' massage parlor, knowing the employee earned the money by performing an act of prostitution with a customer. The attempt charges arose out of her agreement on two separate occasions to hire, for purposes of prostitution, undercover police officers posing as prostitutes. The officers were to perform acts of prostitution at Gallegos' massage parlor and share their earnings with her.

Initially, we address appellant's argument that she was entitled to receive concurrent sentences as a matter of law. We disagree. Appellant initially argued that the sentencing reform act (RCW 9.94A.400) compelled concurrent sentences. Appellant has apparently abandoned that argument. In any event it is clear that the SRA applies only to the one count of promoting prostitution in the second degree. Both attempt counts are misdemeanors and thus not affected by RCW 9.94A.

Concurrent/consecutive sentencing outside the SRA is a determination legislatively left to the trial judge. RCW 9.92.080(2), (3).[1] As long as a defendant is not being punished twice for the same offense, the trial court has discretion to order consecutive sentences. *State v. Potter,* 31 Wn. App. 883, 886–87, 645 P.2d 60 (1982).

---

[1] RCW 9.92.080(2) and (3) provide:

" (2) Whenever a person is convicted of two or more offenses which arise from a single act or omission, the sentences imposed therefor shall run concurrently, unless the court, in pronouncing sentence, expressly orders the service of said sentences to be consecutive.

Appellant relies upon *State v. Mason,* 31 Wn. App. 680, 644 P.2d 710 (1982) for the proposition that a person convicted of multiple counts of promoting prostitution for employing several persons over a period of weeks in the same location cannot be subjected to multiple punishments. The *Mason* court reasoned that it could

> not find in RCW 9A.88.080 a clear legislative intent to impose multiple punishment upon one person's promotion of prostitution by employing two or more persons simultaneously over a period of weeks in the same location. The statute provides:
>
> > Promoting prostitution in the second degree. (1) A person is guilty of promoting prostitution in the second degree if he knowingly:
> > (a) Profits from prostitution; or
> > (b) Advances prostitution.
> > (2) Promoting prostitution in the second degree is a class C felony.
>
> The apparent evils the legislature sought to attack were "advancing prostitution" and "profiting from prostitution." A person is equally guilty of either of those evils whether he has only one prostitute working for him or several.

*Mason,* at 687. The *Mason* court invoked the rule of lenity and concluded:

> This does not mean, however, that the State cannot charge and attempt to prove multiple counts of promoting the prostitution of the three women. *See* CrR 4.3(a)(2) on joinder of criminal offenses "based on the same conduct or on a series of acts connected together". The State is not forced to elect which of the three counts it will prove and put all of its prosecutorial eggs in one basket. Rather, the rule of lenity simply means that multiple punishments cannot be imposed, and concurrent sentences must be given if a guilty verdict is returned on more than one count.

---

"(3) In all other cases, whenever a person is convicted of two or more offenses arising from separate and distinct acts or omissions, and not otherwise governed by the provisions of subsections (1) and (2) of this section, the sentences imposed therefor shall run consecutively, unless the court, in pronouncing the second or other subsequent sentences, expressly orders concurrent service thereof."

(Footnote omitted.) *Mason,* at 687–88.

■■ To the extent that the *Mason* court's holding applies to this case, we disagree with its rationale. The rule of lenity comes into play only where a statute is ambiguous. *State v. Theilken,* 102 Wn.2d 271, 275, 684 P.2d 709 (1984). RCW 9A.88.080 is not ambiguous. There is simply no indication of legislative intent to impose only a single punishment. The *Mason* court acknowledged that "[t]he legislature could make a person's simultaneous promotion of prostitution on the part of more than one prostitute a criminal act as to each, liable to cumulative punishment." *Mason,* at 686. Our reading of the statute persuades us that the Legislature did precisely that. RCW 9A.88.060 provides:

The following definitions are applicable in RCW 9A.88.070 through 9A.88.090:

(1) "Advances prostitution." A person "advances prostitution" if, acting other than as a prostitute or as a customer thereof, he causes or aids a person to commit or engage in prostitution, procures or solicits customers for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution.

(2) "Profits from prostitution." A person "profits from prostitution" if, acting other than as a prostitute receiving compensation for personally rendered prostitution services, he accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of prostitution activity.

Appellant admitted that she promoted prostitution on or about December 18, 1984, by accepting money from an employee who earned that money through an act of prostitution. Furthermore, she attempted to promote prostitution by hiring two other individuals on November 28, 1984, and December 6, 1984, to perform acts of prostitution as a part of their employment at the Athenian Massage Parlor. These are separate offenses occurring on separate dates. She also admitted as part of her statement on plea of guilty

that she received part of the money earned by the prostitute she employed knowing that the prostitute received the money by performing acts of prostitution. With respect to the incidents on November 28, 1984, and December 6, 1984, she admitted that she attempted to promote prostitution in each instance by agreeing to hire a policewoman with the understanding that she was going to perform acts of prostitution when she came to work and that she would receive part of the prostitution earnings. This clearly satisfies the definition of "profits from prostitution" and "advances prostitution," and each event constituted a crime for which the appellant could be punished. We simply see no ambiguity and therefore no basis upon which to invoke the rule of lenity. This reasoning is consistent with, and in fact compelled by, *State v. Petrich,* 101 Wn.2d 566, 683 P.2d 173 (1984), where the court observed:

> Under appropriate facts, a continuing course of conduct may form the basis of one charge in an information. But "one continuing offense" must be distinguished from "several distinct acts," each of which could be the basis for a criminal charge. To determine whether one continuing offense may be charged, the facts must be evaluated in a commonsense manner. In the present case, each described incident occurred in a separate time frame and identifying place. The only connection between the incidents was that the victim was the same person; this is not enough to call the offense one transaction.

(Citations omitted.) *Petrich,* at 571.

> Whether the incidents are to be charged separately or brought as one charge is a decision within prosecutorial discretion. Many factors are weighed in making that decision, including the victim's ability to testify to specific times and places. Our decision in this case is not intended to hamper that discretion or encourage the bringing of multiple charges when, in the prosecutor's judgment, they are not warranted. The criteria used to determine that only a single charge should be brought, may indicate that the election of one particular act for conviction is impractical.

330

*Petrich,* at 572. Therefore, we conclude that under the facts of this case, the trial court was not required to run appellant's sentences concurrently.

The judgment of the Superior Court is affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

PEKELIS, J., and SCHUMACHER, J. Pro Tem., concur.