[No. 19440-2-I.   Division One.   September 26, 1988.]

THE STATE OF WASHINGTON, *Respondent*, v. GERALD M. BARRINGTON, *Appellant*.

*Neil M. Fox* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Donna L. Wise* and *Kate Flack, Deputies,* for respondent.

SWANSON, J.—This appeal challenges Gerald M. Barrington's conviction of promoting prostitution in the first degree as charged in count 2[1] on the grounds that (1) he

---

[1]Count 1 was dismissed with prejudice because the State's primary witness as to that count failed to appear for trial.

was denied his right to a unanimous jury verdict; (2) the evidence as to his knowledge of the prostitute's age was insufficient to sustain a first degree promoting prostitution conviction; and (3) the court's instruction defining the knowledge element is erroneous.

Count 2 of the amended information charged that Barrington "during a period of time intervening between June 1, 1986 and August 28, 1986, did knowingly advance and profit from prostitution of Kimberly Lott, a person who was less than 18 years old; contrary to RCW 9A.88.070-(1)(b), . . ."

The State's evidence consisted primarily of the testimony of Lott and several police officers. Barrington did not testify or offer any contradictory evidence. Lott described the circumstances surrounding her first meeting with Barrington in early June of 1986 in downtown Seattle and thereafter on Aurora Avenue. She testified that their association began that evening when he picked her up, took her home and she turned her money over to him. She described her association with the appellant as essentially a business relationship in which she committed acts of prostitution and gave the proceeds received from such activity to the defendant. She testified that she worked for him virtually every day and earned $300 to $400 a day. He took all of her earnings, provided her transportation and lodging when needed, directed her activity and gave her money for expenses. It was only when Barrington "beat her up" in August of 1986 that she went to the police and their relationship terminated.

Because Lott testified to many acts of prostitution which took place over a period of months and also described in some detail Barrington's actions in promoting and benefiting from her prostitution, appellant contends that a jury could disagree as to which acts constituted the crime charged. Therefore, appellant argues that an instruction on jury unanimity should have been given.

Even though the appellant did not request such an instruction, the State concedes that it is an issue of constitutional magnitude that may be raised for the first time on appeal. Brief of Respondent, at 5.

In *State v. Petrich,* 101 Wn.2d 566, 683 P.2d 173 (1984), a case upon which the appellant relies for its unanimity instruction argument, the defendant was accused of molesting his 13–year–old granddaughter. He was charged with one count of statutory rape and one count of indecent liberties. She testified to various incidents of abuse occurring over a 21–month period including sexual intercourse. She also discussed four separate episodes which occurred during one summer. The defense moved to compel an election which was denied on the basis that only one continuing offense had been charged. The jury returned a general verdict of guilty. The Supreme Court reversed and held that

> When the evidence indicates that several distinct criminal acts have been committed, but defendant is charged with only one count of criminal conduct, jury unanimity must be protected.

*Petrich,* at 572.

To ensure a unanimous verdict, the court said the State may elect which act it relies upon for conviction or the jury must be instructed that all 12 jurors must agree that the same underlying criminal act has been proved beyond a reasonable doubt. *Petrich,* at 572.

However, the court recognized that

> [u]nder appropriate facts, a continuing course of conduct may form the basis of one charge in an information. But "one continuing offense" must be distinguished from "several distinct acts," each of which could be the basis for a criminal charge. *See United States v. Berardi,* 675 F.2d 894 (7th Cir. 1982); *People v. Mota,* [115 Cal. App. 3d 227, 171 Cal. Rptr. 212 (1981)]. To determine whether one continuing offense may be charged, the facts must be evaluated in a commonsense manner.

*Petrich,* at 571.

In *State v. Gooden,* 51 Wn. App. 615, 754 P.2d 1000,

*review denied,* 111 Wn.2d 1012 (1988), a promoting prostitution case recently decided by this court and remarkably similar to the instant case, we held that "[p]romoting prostitution is a continuing course of conduct which falls within the *Petrich* exception." *Gooden,* at 620.

The defendant's course of conduct here is virtually undistinguishable from that described in *Gooden.* In the instant case Barrington used Lott as the defendant in *Gooden* used W and V to promote an enterprise with a single objective—to make money. *Gooden* also points out the differences between the child molesting in *Petrich* involving numerous acts of criminal conduct with the same child victim wherein each incident could support the charge and the ongoing enterprise of promoting prostitution.

Further, the evidence presented primarily by Lott in the instant case described the nature of their business relationship and the part they both played in the enterprise. The incidents of prostitution Lott discussed were primarily illustrative of the nature of the enterprise rather than solely descriptive of separate distinct acts or transactions between Lott and Barrington which, if believed, would prove the crime charged. That is not to say that a promoting prostitution charge could not consist of several distinct transactions occurring as did the sexual abuse incidents in *Petrich,* "in a separate time frame and identifying place." *Petrich,* at 571. *See State v. Song,* 50 Wn. App. 325, 748 P.2d 273 (1988) (promotion of prostitution charges involving different prostitutes at different times may constitute multiple crimes, at least for sentencing purposes).

Barrington was charged with violating RCW 9A.88.070-(1)(b) which states:

(1) A person is guilty of promoting prostitution in the first degree if he knowingly:

. . .

(b) Advances or profits from prostitution of a person less than eighteen years old.

The jury was instructed in the language of RCW 9A.88-.060(1) and (2) that

(1) "Advances prostitution." A person "advances prostitution" if, acting other than as a prostitute or as a customer thereof, he causes or aids a person to commit or engage in prostitution, procures or solicits customers for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution.

(2) "Profits from prostitution." A person "profits from prostitution" if, acting other than as a prostitute receiving compensation for personally rendered prostitution services, he accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of prostitution activity.

We said in *Gooden,*

[a]lthough the statute regarding promoting prostitution in the first degree permits conviction for each distinct act, it also contemplates a continuing course of conduct: instituting, aiding, or facilitating a prostitution enterprise.

*Gooden,* at 618.

■ Here the uncontroverted evidence persuasively pointed to the promotion of a prostitution enterprise conducted over a period of about 3 months in which Barrington received the profits from Lott's prostitution, not separate distinct acts occurring in a separate time frame and identifying place as in *Petrich.* Neither a unanimity instruction nor an election was necessary. As we stated in *Gooden,* at 620,

Unanimity was only necessary with regard to the course of conduct. The State presented substantial evidence to support Gooden's course of conduct; consequently, Gooden received unanimous verdicts regarding both of his convictions.

Similarly here, substantial evidence supports Barrington's course of conduct and so a unanimous verdict was received. There was no error.

Next, Barrington contends that there is insufficient evidence in the record to support a finding that he knew Kimberly Lott was under 18 years old when he promoted her prostitution. He asks that his first degree promoting prostitution conviction be set aside and the case remanded for entry of a conviction of promoting prostitution in the second degree, a lesser included offense.

RCW 9A.88.070, "Promoting prostitution in the first degree", reads in pertinent part:

(1) A person is guilty of promoting prostitution in the first degree if he knowingly:

. . .

(b) Advances or profits from prostitution of a person less than eighteen years old.

The following testimony was elicited from Lott in order to discern what Barrington knew about her age.

Q. [State] Did you ever tell the defendant how old you were?

A. [Lott] Umm–umm.

Q. Did you ever celebrate a birthday or anything of that sort with him?

A. I did my—I told him that I was 17 when I met him and I was really only 16. So, I kind of celebrated my 18th birthday, which was really my 17th.

Q. Where were you when you celebrated your 18th birthday or this so–called 18th birthday with the defendant?

A. That's when in Tacoma I had got a big lick. I got a lot of money. So, I had left, and I went to Seattle, because I knew he couldn't be there. So, I went to Seattle and then I kind of celebrated with Kelly. Then I got back with him about five days later.

Appellant argues that Lott's testimony, "I told him that I was 17 when I met him and I was really only 16" is ambiguous and could be construed as meaning that, at some later unknown point, she informed Barrington that she was only 17 when she met him. Therefore, appellant contends that Barrington would not have known of Lott's minority status

until after she purportedly turned 18. Appellant also maintains that there is no testimony at all about when Barrington supposedly discovered Lott's purported age. He claims that there is no evidence that Lott celebrated her birthday with Barrington.

Appellant concedes that Lott's testimony could be construed to mean that when Lott met Barrington she told him that she was 17 years old. Lott's subsequent statement, "So, I kind of celebrated my 18th birthday, which was really my 17th" supports the interpretation that she met the defendant when she was 16 but she misrepresented to him that she was 17. The statement makes sense only if Barrington believed previously that Lott was 17 years of age.

▇ The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is whether, "'"after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."'" *State v. Gear,* 30 Wn. App. 307, 310, 633 P.2d 930 (1981) (quoting *Jackson v. Virginia,* 443 U.S. 307, 334, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *accord, State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980)). Any challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. *Gear,* at 310 (quoting *State v. Holbrook,* 66 Wn.2d 278, 401 P.2d 971 (1965)).

Reviewing the evidence in the light most favorable to the State, we conclude that there was sufficient evidence for the jury to find Barrington knew beyond a reasonable doubt that Lott was under 18 years of age when he promoted her prostitution.

Finally, Barrington argues that the trial court's instruction defining knowledge impermissibly allowed the jury to apply an objective standard to determine whether he acted knowingly or with knowledge. Barrington asserts that the use of this objective standard violated his due process rights.

The trial court's jury instruction 9 stated as follows:

A person knows or acts knowingly or with knowledge when he or she is aware of a fact, facts or circumstances or result described by law as being a crime.

If a person has information which would lead a reasonable person in the same situation to believe that facts exist which are described by law as being a crime, the jury is permitted but not required to find that he or she acted with knowledge.

Acting knowingly or with knowledge also is established if a person acts intentionally.[2]

In *State v. Shipp,* 93 Wn.2d 510, 610 P.2d 1322 (1980), the Washington Supreme Court decided that only if a jury is instructed that it is *permitted but not required* to find knowledge if it finds that the defendant had ""'information which would lead a reasonable man in the same situation to believe that [the relevant] facts exist"'" can a definition of constructive knowledge be constitutional. *State v. Kees,* 48 Wn. App. 76, 82, 737 P.2d 1038 (1987) (quoting *Shipp,* at 514); *State v. Rivas,* 49 Wn. App. 677, 689, 746 P.2d 312 (1987).

The instruction given in the instant case has been construed in both *Kees* and *Rivas* as well as in *State v. Davis,* 39 Wn. App. 916, 696 P.2d 627 (1985). In all three cases it was held that the instruction complied with the requirements established in *Shipp* because it allowed the jury to consider the subjective intelligence or mental condition of the defendant. Therefore, Barrington's argument that the trial court erred in giving its knowledge instruction is without merit.

Barrington's conviction of promoting prostitution in the first degree is affirmed.

COLEMAN, A.C.J., concurs.

COLEMAN, A.C.J. (concurring)—I have signed the majority opinion. I write separately only to emphasize that the

---

[2]This instruction is WPIC 10.02 (revised).

promoting prostitution statute "permits conviction for each distinct act [and] also contemplates a continuing course of conduct". *State v. Gooden,* 51 Wn. App. 615, 618, 754 P.2d 1000 (1988). Whether the crime may be charged as a continuing course of conduct or as involving separate distinct acts depends upon a commonsense evaluation of the facts of the case. *State v. Petrich,* 101 Wn.2d 566, 571, 683 P.2d 173 (1984).

The facts here even more so than in *Gooden* reflect a continuing course of conduct established by broad general evidence indicative of a continuing enterprise. Hence, it was proper to prosecute on the theory of a continuous course of conduct. On the other hand, in *State v. Song,* 50 Wn. App. 325, 329, 748 P.2d 273 (1988), the evidence was specifically directed to separate, distinct acts resulting in multiple convictions and consecutive sentences. Therefore, it is clear the charging decision must be made on a case by case basis, taking into account the nature of the evidence.

WINSOR, J. (dissenting)—I respectfully dissent because defendant was denied his right to a unanimous jury verdict. The majority determination that this case fits within the "continuing course of conduct" exception acknowledged in *State v. Petrich,* 101 Wn.2d 566, 683 P.2d 173 (1984) misconstrues that exception.

The majority relies upon *State v. Gooden,* 51 Wn. App. 615, 620, 754 P.2d 1000 (1988), which held that "[p]romoting prostitution is a continuing course of conduct which falls within the *Petrich* exception." *Gooden* and the majority improperly simplify the necessary analysis of a continuing course of conduct issue, which must be made on a case–by–case basis and must focus on the criteria set forth in *Petrich,* giving particular attention to the evidence produced at trial.[3]

---

[3]The *Petrich* court emphasized that in deciding whether a particular case falls within the "one continuing offense" exception to the requirement of jury unanimity, the evidence at trial must be carefully examined. *Petrich,* 101 Wn.2d at 571–73.

In *Petrich,* the petitioner was charged and found guilty of one count each of statutory rape and indecent liberties. At trial, the State presented evidence of numerous separate incidents of criminal sexual contact. On appeal, Petrich argued that "when the evidence shows several incidents which could form the basis of the one incident charged in the information, to ensure a unanimous verdict on the underlying crime, the State must tell the jury which act is relied on to convict." *Petrich,* 101 Wn.2d at 570.

The *Petrich* court agreed with this argument and reversed, reasoning:

> Under appropriate facts, a continuing course of conduct may form the basis of one charge in an information. But "one continuing offense" must be distinguished from "several distinct acts," each of which could be the basis for a criminal charge. To determine whether one continuing offense may be charged, the facts must be evaluated in a commonsense manner. In the present case, each described incident occurred in a separate time frame and identifying place. The only connection between the incidents was that the victim was the same person; this is not enough to call the offense one transaction.

(Citations omitted.) *Petrich,* 101 Wn.2d at 571. It is this analysis that we must apply here.

Here, as in *Petrich,* the State presented evidence of several specific transactions between the defendant and Ms. Lott, any one of which, if believed by the jury, would have been sufficient to prove the crime charged. The described incidents occurred over a 2– to 3–month period in a variety of locations. Given this evidence, I believe it is error to treat Barrington's conduct as one continuous offense.

*United States v. Berardi,* 675 F.2d 894 (7th Cir. 1982), upon which the *Gooden* court relies, actually militates against finding a continuing course of conduct in both this case and in *Gooden.* In *Berardi,* the prosecution charged the crime, obstructing justice, as a single continuing offense consisting of three separate events. Berardi alleged this charge was prejudicially duplicitous and thus deprived him of the clear concurrence of all of the jurors in the verdict.

With respect to Berardi's nonunanimous jury argument, the court found that despite the duplicitous charge, there was no danger of Berardi being convicted by a less than unanimous jury *because* the trial court had instructed the jury specifically that there had to be unanimity on at least one of the underlying events.[4] *Berardi*, 675 F.2d at 899. *Berardi* thus does not support the holding in *Gooden* or the majority's position here because, unlike in *Berardi*, a unanimity instruction was not given in either case.

The *Gooden* court also cites *People v. Mota*, 115 Cal. App. 3d 227, 171 Cal. Rptr. 212 (1981), as support for its holding. *Gooden*, 51 Wn. App. at 619. *Mota* also militates against finding a continuing course of conduct in *Gooden* or in the instant case. The *Petrich* court cited *Mota* for the proposition, not here disputed, that there are occasional cases in which multiple criminal acts may properly be charged and proved as one continuing course of conduct. *Petrich*, 101 Wn.2d at 571. *Mota* illustrates that occasional case. In *Mota*, the charge was repeated gang rape of one victim by three men. All the acts of rape occurred in a moving vehicle within a 1–hour period. Under these facts, the California court found it unnecessary for the State to elect one act:

> None of the election cases involved a gang rape with repeated and continuous acts of sexual intercourse within the relatively short period of approximately one hour, taking place in one location.
> The election cases feature circumstances wherein the criminal acts were separated by days, weeks or months, and sometimes the acts occurred in different places, thus forcing the prosecution to choose which act they were relying upon . . .

*Mota*, at 232. Comparing the facts of *Mota* with the facts of the instant case establishes that ours is one of the "election cases" described in *Mota*.

---

[4]The *Petrich* court cited *Berardi* and concluded that in similar future cases the prosecution must choose between electing which underlying offense to rely upon or giving a special unanimity instruction. *Petrich*, 101 Wn.2d at 571.

Finally, the *Gooden* court reasons that promoting prostitution is a continuing course of conduct because defendant's enterprise was motivated by "a single objective. . . . to make money." *Gooden,* 51 Wn. App. at 620. This rationale confuses motive with conduct and is therefore unpersuasive. Under this reasoning, the acts in *Petrich* and *Berardi* could also be said to have been one continuing course of conduct for purposes of a jury unanimity analysis. The "single objective" of Petrich was to obtain sexual gratification from one victim. The "single objective" of Berardi was to obstruct justice by intimidating one witness.[5] Yet in both *Petrich* and *Berardi,* a special unanimity instruction was held to be required to ensure a valid jury verdict.

*Gooden,* upon which the majority relies, relies upon three cases, *Petrich, Berardi,* and *Mota,* each of which supports a reversal, not an affirmance.[6] I would reverse and remand and, like the *Petrich* court, order that upon retrial the State would have the option either of specifying which act of promoting prostitution is relied upon, or of giving a unanimity instruction requiring that to convict the jury must unanimously agree upon at least one same, particular act.

Review denied by Supreme Court January 10, 1989.

---

[5]The *Berardi* court did use the single objective analysis to support its conclusion that it was not error for the government to charge Berardi's acts as one count. *Berardi,* 675 F.2d at 898. This must be distinguished from the *Berardi* court's analysis of the jury unanimity issue where the court concluded that there was no unanimity problem only because a unanimity instruction was given. *Berardi,* at 899.

[6]*See also State v. Song,* 50 Wn. App. 325, 748 P.2d 273 (1988) (a defendant's acts of promoting prostitution which occur at different times and promote the prostitution of different persons are separate crimes for purposes of sentencing outside the SRA).