# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69543-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ZACHARY DANIEL NGUYEN, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: April 28, 2014 |
| | ) | |

Cox, J. – Zachary Nguyen appeals his judgment and sentence entered after his convictions for first degree burglary, attempted first degree robbery, and second degree assault. The State properly concedes that the assault conviction must be vacated under the merger doctrine, and we accept this concession. But a unanimity jury instruction was not required because the evidence indicates an ongoing course of conduct. Nguyen makes additional claims in his Statement of Additional Grounds, but none have merit.

We vacate the assault conviction and remand for resentencing. We affirm the other two convictions.

In 2011, Philip Maxie had a party at his home while his parents were out of town. M.M. and B.C. attended this party.

The next day M.M. and B.C. were with Nguyen and three other males. The group went to Maxie's home, and M.M. and B.C. knocked on the door.

While M.M. and B.C. were talking with Maxie, three of the males, including Nguyen, entered the home.

Maxie testified that a male with a gun told him to "get on the ground." He heard the gun click but no shot was fired. The male then hit him with the gun. Maxie was eventually able to run to a neighbor's home and call for help.

M.M. and B.C. testified that Nguyen hit Maxie with the gun.

After the incident, Maxie told the prosecutor that nothing was missing from the home. M.M. testified that the three males were mad because "they didn't get anything out of the house." Maxie's mother testified that when she returned to her home after being out of town, she discovered that she was missing property.

By amended information, the State charged Nguyen with first degree burglary, first degree robbery, and second degree assault, each with firearm enhancements. The jury was instructed on these charges along with the lesser-included offense of first degree attempted robbery.

The jury convicted Nguyen of first degree burglary, attempted first degree robbery, and second degree assault. It also found that Nguyen was armed with a firearm for these convictions.

Nguyen appeals.

## MERGER DOCTRINE

Nguyen argues that his conviction for second degree assault "violated the prohibition against double jeopardy, when the assault merged into the attempted robbery conviction." The State concedes this point, and we accept the concession.

2

"The guaranty against double jeopardy protects against multiple punishments for the same offense."[1] A determination of whether a defendant's double jeopardy rights were violated turns on whether the legislature intended to authorize multiple punishments for the crimes at issue.[2] "If the legislature authorized cumulative punishments for both crimes, then double jeopardy is not offended."[3]

For double jeopardy claims, a court engages in a "three-part test" to determine the legislature's intent:

> First, the court searches the criminal statutes involved for any express or implicit legislative intent. Second, if the legislative intent is unclear, the court turns to the "same evidence" Blockburger test, which asks if the crimes are the same in law and in fact. Third, the merger doctrine may be an aid in determining legislative intent.[4]

Here, the parties concentrate only on the third part of this test—the merger doctrine. Thus, we focus our analysis on this doctrine.

Under the merger doctrine, "when the degree of one offense is raised by conduct separately criminalized by the legislature, we presume the legislature

---

[1] State v. Esparza, 135 Wn. App. 54, 59, 143 P.3d 612 (2006).

[2] Id.

[3] State v. Freeman, 153 Wn.2d 765, 771, 108 P.3d 753 (2005).

[4] State v. Chesnokov, 175 Wn. App. 345, 349, 305 P.3d 1103 (2013) (citing State v. Kier, 164 Wn.2d 798, 804, 194 P.3d 212 (2008); State v. Calle, 125 Wn.2d 769, 776, 888 P.2d 155 (1995); Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); Freeman, 153 Wn.2d at 772-73).

intended to punish both offenses through a greater sentence for the greater crime."[5]

There is an exception to this doctrine. Even if two convictions appear to be for the same offense or for charges that would merge, "if there is an independent purpose or effect to each, they may be punished as separate offenses."[6]

In State v. Zumwalt, a consolidated case within State v. Freeman, the supreme court considered whether Zumwalt's convictions for first degree robbery and second degree assault merged.[7] There, Zumwalt punched the victim in the face and robbed her.[8] The robbery charge was based on the infliction of bodily injury, and the assault charge was based on the reckless infliction of bodily harm.[9]

First, the supreme court looked to the statutes and concluded that there is "no evidence that the legislature intended to punish second degree assault separately from first degree robbery when the assault facilitates the robbery."[10] Then, the court noted that in order to prove first degree robbery as charged and proved by the State, the State had to prove that Zumwalt committed an assault in

---

[5] Freeman, 153 Wn.2d at 772-73.

[6] Id. at 773.

[7] 153 Wn.2d 765, 770, 108 P.3d 753 (2005).

[8] Id.

[9] State v. Zumwalt, 119 Wn. App. 126, 131-32, 82 P.3d 672 (2003).

[10] Freeman, 153 Wn.2d at 776.

furtherance of the robbery.[11] Accordingly, the court concluded that the merger doctrine applied.[12] Finally, the court determined that because there was no evidence in the record that the violence used to complete the robbery had some independent purpose or effect, the exception to merger did not apply.[13]

Here, as the State properly concedes, Nguyen's convictions for attempted first degree robbery and second degree assault violate double jeopardy. As charged and proved, Nguyen was guilty of attempted first degree robbery because he inflicted bodily injury on Maxie. The State was required to prove that Nguyen engaged in conduct amounting to second degree assault in order to elevate his attempted robbery conviction to the first degree. Additionally, the evidence at trial established that the assault on Maxie had no purpose other than to further the attempted robbery.

Because the second degree assault conviction merges with the attempted first degree robbery conviction, the proper remedy is to vacate the assault conviction and remand for resentencing.[14]

## UNANIMITY JURY INSTRUCTION

Nguyen next argues that his constitutional rights were violated because the jury instructions failed to require unanimity as to what act constituted the

---

[11] Id. at 778.

[12] Id.

[13] Id. at 779.

[14] See State v. Portrey, 102 Wn. App. 898, 906-07, 10 P.3d 481 (2000); Freeman, 153 Wn.2d at 774-76.

"substantial step" toward the commission of attempted robbery in the first degree. We disagree.

Criminal defendants have a right to a unanimous jury verdict.[15] Where the State alleges multiple acts and any one of them could constitute the crime charged, the jury must be unanimous as to which act or incident constitutes the crime.[16] The constitutional requirement of unanimity is assured by either (1) requiring the State to elect the act upon which it will rely for conviction, or (2) instructing the jury that it must be unanimous that the same criminal act has been proved beyond a reasonable doubt.[17] The instruction is based on State v. Petrich and its progeny.[18]

The Petrich rule applies "only where the State presents evidence of 'several distinct acts.'"[19] It does not apply where the evidence indicates a "'continuing course of conduct.'"[20] To determine whether criminal conduct constitutes one continuing act, the facts must be evaluated in a commonsense manner.[21] Courts may consider whether the acts occurred at different times or

---

[15] State v. Kitchen, 110 Wn.2d 403, 409, 756 P.2d 105 (1988) (citing U.S. CONST. amend. 6; CONST. art. 1, § 22).

[16] Id. at 411.

[17] State v. Barrington, 52 Wn. App. 478, 480, 761 P.2d 632 (1988).

[18] 101 Wn.2d 566, 683 P.2d 173 (1984).

[19] State v. Handran, 113 Wn.2d 11, 17, 775 P.2d 453 (1989) (internal quotation marks omitted) (quoting Petrich, 101 Wn.2d at 571).

[20] Id. (quoting Petrich, 101 Wn.2d at 571).

[21] Id

places, whether they involved the same victim, and whether in each act the defendant intended to secure the same objective.[22]

Here, viewing the evidence in a commonsense manner, it shows a series of acts that intended to achieve the objective of taking property from the Maxie home. Moreover, these acts occurred during a short timeframe and involved the same victim. Because the evidence indicates an ongoing course of conduct, the Petrich rule does not apply.

Nguyen does not explain how the State presented evidence of "'several distinct acts,' each of which could be the basis for a criminal charge."[23] Instead, he argues that "the prosecutor never elected which act or acts it was relying upon to establish a 'substantial step' for the inchoate offense." But the prosecutor did not need to make such an election because, as just discussed, the evidence indicates a continuing course of conduct. A unanimity instruction was not required "because there [was] no danger that some jurors would have found the occurrence of one crime while other jurors found the occurrence of a different crime."[24]

## STATEMENT OF ADDITIONAL GROUNDS

Nguyen raises a number of issues in his statement of additional grounds. None are persuasive.

---

[22] State v. Fiallo-Lopez, 78 Wn. App. 717, 724, 899 P.2d 1294 (1995).

[23] Petrich, 101 Wn.2d at 571.

[24] State v. Simonson, 91 Wn. App. 874, 884, 960 P.2d 955 (1998).

7

First, Nguyen argues that the prosecutor committed misconduct because she expressed a personal opinion about the credibility of two of the State's witnesses. To establish a prosecutorial misconduct claim, the State must show misconduct and resulting prejudice.[25] "Counsel are permitted latitude to argue the facts in evidence and reasonable inferences."[26] Additionally, "counsel may comment on a witness' veracity as long as he does not express it as a personal opinion and does not argue facts beyond the record."[27]

Here, there was no misconduct. The prosecutor did not give her personal opinion about the witnesses. Rather, she was explaining the circumstances of the pre-trial interviews with the witnesses, which was part of the witnesses' testimony. Thus, this argument fails.

Second, Nguyen asserts that a witness testified about an unrelated incident in this case, which violated an order in limine. Nguyen does not specifically identify the "unrelated incident" in his brief, but the part of the record he cites references a prior conviction. A review of the witness's testimony shows that the witness did not actually discuss any unrelated incident. The witness asked for clarification of a question during cross-examination without revealing any unrelated incident. Thus, this argument is not persuasive.

Third, Nguyen contends that his right to due process was violated because one juror saw him in shackles, and the trial court did not conduct "an

---

[25] State v. Smith, 104 Wn.2d 497, 510, 707 P.2d 1306 (1985).

[26] Id.

[27] Id. at 510-11.

inquisition to detect if the jury pool was tainted by the juror." After a court recess during the voir dire process, an officer informed the court that "Juror No. 7 was sitting outside the courtroom and saw Mr. Nguyen brought up in restraints." The trial court decided that the proper remedy was to dismiss Juror No. 7. Counsel agreed with this remedy.

Nguyen cites no authority to support his assertion that an "inquisition" of the jury pool was necessary. Moreover, "Passing glimpses of a defendant in restraints are insufficient on their own to find the existence of prejudice."[28] For these reasons, this argument fails.

Fourth, Nguyen claims his counsel was ineffective because he failed to move for a mistrial after the juror saw him in restraints or to request an "inquisition" of the jury pool. But, given the previous discussion, Nguyen is not able to show that his counsel's performance fell below an objective standard of reasonableness and that this prejudiced his trial.[29] Thus, this claim also fails.

Fifth, Nguyen argues that a unanimity jury instruction should have been given at trial. We need not address this argument as it is adequately addressed in his appellate counsel's brief.[30]

---

[28] In re Crace, 157 Wn. App. 81, 103, 236 P.3d 914 (2010), reversed on other grounds, 174 Wn.2d 835, 280 P.3d 1102 (2012).

[29] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

[30] See, e.g., State v. Gomez, 152 Wn. App. 751, 754, 217 P.3d 391 (2009) (refusing to review a defendant's statement of additional grounds because he raised no new issues).

We vacate the assault conviction and remand for resentencing. We affirm the other two convictions.

_____
COX, J.

WE CONCUR:

_____

_____