[No. 10164–1–I.   Division One.   June 14, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. NORMAN ALLEN GIBSON, *Appellant.*

*Norman Allen Gibson,* pro se, and *David R. Wohl* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Frederick*

*Yeatts, Deputy,* for respondent.

DURHAM, A.C.J.—Norman Allen Gibson appeals from a judgment and sentence entered upon a jury verdict finding him guilty of assault in the first degree while armed with a deadly weapon.

In the early morning hours of November 24, 1980, James Detrick, an off–duty police officer, and three other people went to a restaurant in Renton. Detrick and Gibson became engaged in an argument concerning the noise made by two on–duty police officers' radios. Gibson left the restaurant only to return an hour later. He approached Detrick and a confrontation ensued, during which Gibson pulled a revolver and shot Detrick.

At trial, Gibson moved in limine to exclude any reference to a 1967 conviction for burglary and a 1974 conviction for taking and riding in a motor vehicle. Gibson also requested that, should the State be permitted to impeach Gibson with his prior convictions, any references to Gibson's status as a habitual criminal be disallowed. The trial court denied both motions.

Gibson first argues that the trial court abused its discretion in allowing the State to cross–examine him concerning his prior convictions.[1]

The use of prior convictions for impeachment purposes is governed by ER 609(a), which provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross–examination but only if the crime (1) was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted,

---

[1] The State argues that the enactment of ER 609 is an unconstitutional usurpation of legislative power. However, because of our disposition of this appeal, we decline to address this issue.

and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Determination of admissibility of evidence for impeachment purposes is a matter within the sound discretion of the trial court. *State v. Thompson*, 95 Wn.2d 888, 632 P.2d 50 (1981); *State v. Alexis*, 95 Wn.2d 15, 621 P.2d 1269 (1980). The trial court's determination will not be reversed absent a clear showing of abuse of discretion. *State v. Thompson, supra*. In exercising its discretion, the trial court should balance the probative value of the prior conviction as it relates to the credibility of the witness against the potential prejudice to the defendant. *State v. Anderson*, 31 Wn. App. 352, 641 P.2d 728 (1982).

The record shows that the trial court gave careful consideration to the pertinent factors set forth in *State v. Alexis, supra*. Gibson had a voluminous criminal record dating back to 1957. After balancing the probative value of the prior convictions against the prejudicial effect of that evidence, the trial court allowed the State to impeach using only the 1967 and 1974 convictions, and ruled that all the other convictions were too remote in time. The trial court further noted that Gibson's defense was that he acted in self-defense, which made his credibility a central issue. Under such circumstances, we are satisfied that the trial court did not abuse its discretion in allowing the use of the prior convictions.

Gibson next argues that, assuming evidence of the prior convictions should have been admitted, the trial court erred in allowing the State to show that Gibson had been found to be a habitual criminal. This argument is premised on the fact that a habitual criminal finding determines status and is not a conviction. *State v. Braithwaite*, 92 Wn.2d 624, 600 P.2d 1260 (1979).

Prior to the adoption of ER 609, the admissibility of prior convictions was governed by RCW 10.52.030, which provided:

Every person convicted of a crime shall be a competent witness in any civil or criminal proceeding, but his conviction may be proved for the purpose of affecting the weight of his testimony, *either by the record thereof,* or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence, or by his cross–examination, *upon which he shall answer any proper question relevant to that inquiry,* and the party cross–examining shall not be concluded by his answer thereto.

(Italics ours.) The scope of the inquiry on the record of conviction was defined in *State v. Brewster,* 75 Wn.2d 137, 139, 449 P.2d 685 (1969):

In *State v. Steele,* 150 Wash. 466 at 469, 273 Pac. 742 (1929) (approved *State v. Frye,* 53 Wn.2d 632, 335 P.2d 594 (1959)), this court stated:

It is at once apparent, of course, that if the record of the conviction is introduced, it will of necessity show the nature of the offense and the extent of the punishment, and, since cross–examination is only an alternate method of proving the conviction, we see no reason why the witness may not be examined as to any matter the record itself will show, and this we think was the purpose of . . . [RCW 10.52.030].

ER 609(a) provides that "evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record . . ." This language is wholly consistent with the former statute, and we see no reason to depart from the Supreme Court's interpretation thereof. Accordingly, we hold that the trial court may allow the State to cross–examine a defendant concerning the punishment received in the prior conviction, including punishment enhanced by a habitual criminal finding, when that information is shown on the judgment and sentence.

Next, Gibson argues that the trial court violated his right to due process of law because it failed to properly instruct the jury that each element of the crime of first degree assault must be proven beyond a reasonable doubt. Specifically, Gibson notes that instruction 6 erroneously referred

to element (3) as element (2) in one paragraph.[2] He claims that this typographical error led the jury to convict him without finding that he acted with intent to kill.

We initially note that Gibson did not except to the giving of this instruction. An assignment of error against an instruction based upon a theory not presented to the trial court at the time exception is taken will not be considered on appeal. *State v. Browder*, 61 Wn.2d 300, 378 P.2d 295, *cert. denied*, 375 U.S. 869, 11 L. Ed. 2d 96, 84 S. Ct. 93 (1963).

In any event, Gibson's argument is without merit. Instructions to the jury must (1) permit a party to argue his theory of the case; (2) not be misleading; and, (3) when read as a whole, properly inform the trier of fact on the law. *State v. Dana*, 73 Wn.2d 533, 439 P.2d 403 (1968). In our view, it is apparent that a juror in reading instruction 6 would not be misled by the typographical error. The instruction was clear and required the jury to find each of the elements beyond a reasonable doubt. The element in question was whether or not Gibson intentionally shot to

---

[2]Instruction 6 provided:

"To convict the defendant NORMAN ALLEN GIBSON of the crime of Assault in the First [D]egree, each of the following elements of the crime must be proved beyond a reasonable doubt:

"(1) That on or about the 24th day of November, 1980, the defendant assaulted James W. Detrick;

"(2) That the assault was committed:

"(a) With a firearm; or

"(b) With a deadly weapon; or

"(c) By a force or means likely to produce death;

"(3) That the defendant acted with intent to kill James W. Detrick; and

"(4) That the acts occurred in King County, Washington.

"If you find from the evidence that elements (1), (2), (4) and either (2)(a) or (2)(b) or (2)(c) or any combination of these has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to Assault in the First Degree. Elements (2)(a), (2)(b), and (2)(c) are alternatives and only one need be proved. However, you must agree that (2)(a) has been proved, or (2)(b) has been proved, or (2)(c) has been proved.

"On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty as to Assault in the First Degree." (Portion complained of underscored.)

kill the victim. Under the facts of this case, it is inconceivable that the jury could have been misled.

■ Gibson also challenges instruction 11, claiming that it impermissibly shifts the burden of proof to him. This instruction provides:

It is not necessary to establish intent by direct and positive evidence but intent may be established by inference and in the same way as any other fact by taking into consideration the acts of the parties and all the facts and circumstances of the case.

This instruction coupled with the court's other instructions did not shift the burden of proof to Gibson. Further, it is identical to the instruction suggested in *State v. Caldwell,* 94 Wn.2d 614, 619–20, 618 P.2d 508 (1980) (Hicks, J., concurring).

■ Finally, Gibson argues that his trial counsel's failure to request a jury instruction on voluntary intoxication resulted in the denial of Gibson's right to effective assistance of counsel. We disagree. An instruction on any issue or theory which is unsupported by the evidence is improper. *State v. Aleshire,* 89 Wn.2d 67, 568 P.2d 799 (1977); *State v. Upton,* 16 Wn. App. 195, 556 P.2d 239 (1976). Gibson denied intoxication and, therefore, was not entitled to such an instruction. Under such circumstances, the failure to request an instruction on voluntary intoxication does not mean that Gibson was denied his right to effective assistance of counsel. *State v. Adams,* 31 Wn. App. 393, 641 P.2d 1207 (1982).

We have examined the remaining assignments of error contained in Gibson's pro se brief, and find them to be without merit.

The judgment of the trial court is affirmed.

JAMES and WILLIAMS, JJ., concur.

Reconsideration denied July 23, 1982.

Review denied by Supreme Court October 22, 1982.