[No. 19789–4–I.   Division One.   August 29, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. THOMAS ALLAN
NEHER, *Appellant.*

*Peter Berzins* and *Bianchi & Schlosser,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Ellen O'Neill–Stephens, Deputy,* for respondent.

GROSSE, J.—Neher was convicted of vehicular assault. On appeal he challenges the trial court's instruction on proximate cause. We affirm.

At dusk on March 2, 1986, Douglas Spicer approached the intersection at Warsaw Street and Beacon Avenue in South Seattle in his car. He stopped, looked left and right, and proceeded into the intersection after observing no traffic. His car was struck by a car which was being driven by Thomas Neher at a speed well over the posted 35 m.p.h. speed limit. Spicer's passenger was seriously injured. Neher

was convicted of vehicular assault. The jury was given the State's instruction on proximate cause to which Neher excepted.[1]

Neher raises one issue on appeal: Whether or not the jury instruction on proximate cause misstated the law and relieved the State of its burden of proof on causation?

The crime of vehicular assault is defined in RCW 46.61-.522, which provides in part:

(1) A person is guilty of vehicular assault if he operates or drives any vehicle:

(a) In a reckless manner, and this conduct is *the proximate cause* of serious bodily injury to another; or

(b) While under the influence of intoxicating liquor . . . and this conduct is *the proximate cause* of serious bodily injury to another.

(2) "Serious bodily injury" means bodily injury which involves a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any part or organ of the body.

(Italics ours.) Neher contends that, for liability to attach, his conduct must be the only cause of the passenger's injuries. He claims that the instruction relieved the State of its burden of proof as to causation. Neher compares the language of the vehicular assault statute set forth above with the language of the vehicular homicide statute, RCW 46.61.520.[2] He argues that the choice of the words "the proximate cause" in the vehicular assault statute rather than the words "a proximate result" which appear in the vehicular homicide statute manifests a legislative intention

---

[1]Instruction 10 provided as follows:

"The term 'proximate cause' means a cause which, in a direct sequence, unbroken by any new independent cause, produced the injury, and without which the injury would not have happened.

"There may be more than one proximate cause of an injury."

[2]The vehicular homicide statute provides in part:

"(1) When the death of any person ensues within three years as *a proximate result* of injury proximately caused by the driving of any vehicle by any person while under the influence of intoxicating liquor . . . or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle is guilty of vehicular homicide." (Italics ours.)

to penalize only conduct that is the single proximate cause of serious bodily injury.

■■ The rules of grammar do provide that the definite article, "the", is used "before nouns of which there is only one or which are considered as one." A. Thompson, *A Practical English Grammar* 3 (3d ed. 1982). On the other hand, "the" can sometimes be read as "a". Black's Law Dictionary 4 (4th rev. ed. 1968). If we apply the rules of grammar to the language in the vehicular assault statute literally and read it as Neher wishes, a defendant's conduct must be the only proximate cause of another's injury. This approach would prevent prosecution in a case where the reckless or intoxicated conduct of two drivers combines to cause serious bodily injury to a third person. This result would be absurd. We will reject a literal reading of a statute if it will result in strained or absurd consequences. *See State v. Keller,* 98 Wn.2d 725, 657 P.2d 1384 (1983); *State v. Stannard,* 109 Wn.2d 29, 742 P.2d 1244 (1987).

Even if we were to adopt Neher's argument that the statute must be read literally, we need not take the next step and hold that the term "the proximate cause" means "the one and only proximate cause." The boundary lines of proximate cause are governed by notions of expediency, fairness and justice, and vary according to the nature and consequences of the particular kind of case. Boundaries established in tort actions are not necessarily controlling in criminal prosecutions. R. Perkins, *Criminal Law,* ch. 6, § 9, at 603–04 (1957).

> As a matter of *fact* there are many causes of every result, but whenever a problem of this nature requires judicial determination, the point . . . is to determine which cause "ought to be treated as the dominant one with reference not merely to the event itself, but to the jural consequences that ought to attach to the event." When this one dominant cause is found it is treated as the "sole cause" for the purposes of the particular case, even if it might not be so treated in a different kind of cause of action. . . .

The phrase "sole cause," meaning the only cause which will receive juridical recognition for the purposes of the particular case, is convenient to give emphasis to three points: (1) *If defendant's act was the sole cause of the death or other socially harmful occurrence, it is by definition a proximate cause thereof;* (2) if something other than his act was the sole cause of the harm there need be no further inquiry so far as he is concerned; (3) *it is not necessary that defendant's act should have been the sole cause of the harm,—which is merely another form of stating that a contributory cause is sufficient.*

(Footnotes omitted. Some italics ours.) R. Perkins, at 608–09.

In Washington, jural consequences attach to the act of operating a vehicle which is reckless, or drug or alcohol influenced, and which in fact causes injury or death. Our Legislature imposed the duty upon Neher and all drivers to refrain from operating a motor vehicle recklessly, or under the influence of drugs or alcohol. Our courts have recognized there can frequently be more than one proximate cause of an accident and the resulting injury or death. "A disfavored driver and a speeding favored driver can both be responsible for an accident." *State v. Jacobsen,* 74 Wn.2d 36, 37, 442 P.2d 629 (1968). *See also State v. Hardwick,* 74 Wn.2d 828, 447 P.2d 80 (1968); *State v. Engstrom,* 79 Wn.2d 469, 487 P.2d 205 (1971); *State v. MacMaster,* 51 Wn. App. 231, 752 P.2d 954 (1988). Whether there are other contributing causes does not affect a defendant's culpability.[3]

The 1983 amendments to the vehicular homicide statute left intact the operative language for proximate cause. We can presume that the Legislature was familiar with the past judicial interpretations of that language. We cannot assume that the Legislature intended to effect a significant change

---

[3]The concept of "sole proximate cause" remains relevant as a defense to the charge. An act of a third party which intervenes in such a way as to be the sole cause of the injury is a superseding, intervening act and relieves the defendant of any legal responsibility for the injury. In other words, the defendant's conduct becomes so remote as to no longer be a proximate cause.

in state policy by implication from the use of the word "the" instead of "a". *See State v. Calderon,* 102 Wn.2d 348, 351, 684 P.2d 1293 (1984). There is no clear expression of legislative intent or any logical reason to differentiate between proximate causation for vehicular assault and for vehicular homicide.[4] In order to give the statute a reasonable, meaningful construction, we hold that the language in the vehicular assault statute must be read to mean that a defendant will be deemed responsible if his or her conduct is *a* proximate cause of another's injury.

█ To prove Neher criminally responsible for the injury, the State was required to prove beyond a reasonable doubt that Neher's conduct was reckless and/or influenced by alcohol or drugs and that but for Neher's conduct the injury would not have occurred. The instructions given in the instant case did not relieve the State of this burden.

> Instructions to a jury must:
> (1) permit a party to argue his theory of the case; (2) not be misleading; and, (3) when read as a whole, properly inform the trier of fact on the law.

*State v. Brobak,* 47 Wn. App. 488, 492, 736 P.2d 288, *review denied,* 108 Wn.2d 1034 (1987) (quoting *State v. Gibson,* 32 Wn. App. 217, 222, 646 P.2d 786, *review denied,* 97 Wn.2d 1040 (1982)).

In the instant case, the court's instructions, as a whole, properly informed the trier of fact on the law and allowed

---

[4]Statutes are to be read so as to give effect to the intent and purpose of the Legislature, as expressed in the statute. *In re Marriage of Timmons,* 94 Wn.2d 594, 617 P.2d 1032 (1980). In 1983, in the same enactment, the Legislature amended the vehicular homicide statute and defined the crime of vehicular assault. Laws of 1983, ch. 164, §§ 1, 2. If possible, we must harmonize the provisions of this act. *Publishers Forest Prods. Co. v. State,* 81 Wn.2d 814, 505 P.2d 453 (1973).

counsel great freedom in arguing his case to the jury. We affirm the judgment and sentence.

WEBSTER and PEKELIS, JJ., concur.

Review granted by Supreme Court January 10, 1989.