FILED
COURT OF APPEALS
DIVISION II

2014 DEC -2 AM 8: 59

STATE OF WASHINGTON

BY_____

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44892-1-II |
| Respondent, | |
| v. | |
| AARON DUKES, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Aaron Dukes appeals his convictions for first degree assault with a domestic violence aggravator and violation of a domestic violence protection order. He argues that (1) he received ineffective assistance of counsel because his attorney did not initially object to the introduction of evidence about an assault conviction five years earlier involving the same victim, (2) the trial court abused its discretion by admitting details regarding that assault, and (3) the trial court violated his right to present a defense by excluding evidence of the victim's prior suicide attempt. We affirm Dukes' convictions.

Dukes also asks us to remand for correction of his judgment and sentence because it does not indicate that the trial court dismissed a possession of marijuana charge. Because the judgment accurately reflects the outcome of Dukes' trial, we decline to remand for correction of the judgment.

## FACTS

In January 2012, Dukes assaulted his girlfriend, Wanda Wilson. During an argument, Dukes pushed Wilson down, punched and kicked her, doused her in rubbing alcohol, and set her on fire. Wilson was badly burned across her head, face, and torso, resulting in permanent scarring and nerve damage.

Wilson initially told police that masked burglars had burned her. However, Wilson eventually admitted to police that Dukes was responsible for her injuries. Police subsequently arrested Dukes and found a small quantity of marijuana on his person. During their investigation, police found a gun at Wilson's house that belonged to Dukes.

Dukes was charged with four crimes in connection with the January 2012 incident: first degree assault with an aggravator for a pattern of domestic violence, violation of a domestic violence protection order, unlawful possession of a firearm, and possession of marijuana. Dukes pleaded guilty to the firearm charge. The trial court later granted Dukes' motion to dismiss the marijuana possession charge.

This was not the first domestic violence incident between Dukes and Wilson. In August 2007, Dukes severely beat Wilson, dragged her by her hair, and threw her in some bushes. During that incident, Wilson also had initially refused to incriminate Dukes before eventually admitting that he was responsible for her injuries. For this prior incident, Dukes was convicted of second degree assault. The court also issued a domestic violence protection order prohibiting Dukes from contacting Wilson for 10 years.

At trial for the 2012 charge, the State called Wilson to testify. She was perceptibly distraught and testified that she had difficulty clearly remembering some events. Among other things, Wilson testified about the 2007 incident:

> STATE: Was there a prior time that Mr. Dukes assaulted you in 2007?
> WILSON: Yeah.
> STATE: Okay. And just kind of briefly tell us what was - - what was the assault?
> WILSON: I don't know - - to this day, I was telling my attorney, I don't know for sure if that was Aaron, but they found him in my car, so, you know, I had to figure. I don't know.
> STATE: So let me ask you this: What happened to you?
> WILSON: I got - - I got beat up, really bad. And I got thrown in some bushes and left for dead.

Report of Proceedings at 154-55. Dukes' counsel did not object to this testimony. He did object when the State asked Wilson about her injuries. Dukes' counsel argued that although the fact of the incident may be relevant, the details were not. The State argued that detailed evidence of the prior domestic violence was relevant to show that Wilson's history may have motivated her to make inconsistent statements about whether Dukes had caused her injuries. The court overruled Dukes' objection and allowed the testimony.

The State subsequently introduced, without objection, evidence that Dukes had been convicted of second degree assault following the 2007 incident. Wilson and investigating officers testified in detail about the incident and Wilson's injuries. Before the officers' testimony, Dukes objected to the introduction of photographs of Wilson's injuries and related evidence. The trial court overruled the objections and once again ruled that evidence regarding the 2007 incident was admissible.

3

On cross-examination, Dukes' attorney asked Wilson whether she previously had been hospitalized following a suicide attempt. The State objected on grounds that the line of questioning was prohibited by ER 404 and also violated the court's ruling on a pretrial motion in limine excluding evidence of Wilson's prior bad acts. The trial court sustained the objection.

The jury convicted Dukes of assault in the second degree with an aggravating factor and violation of the protection order. The assault conviction was Dukes' "third strike" under Washington's persistent offender statute, RCW 9.94A.570, and he was sentenced to life in prison without parole. Dukes' judgment and sentence accurately reflected his convictions for firearm possession, violation of a protection order, and first degree assault, but did not reflect the dismissal of the marijuana possession charge.

Dukes appeals his convictions and also requests a remand for the trial court to add the dismissal of the marijuana possession charge to his judgment and sentence.

## ANALYSIS

A.    ADMISSION OF PRIOR DOMESTIC VIOLENCE EVIDENCE

Dukes argues that (1) he received ineffective assistance of counsel because his attorney did not object to evidence that Dukes had assaulted Wilson in 2007 and had been convicted of domestic violence following that incident, and (2) the trial court abused its discretion by admitting evidence regarding the details of the 2007 incident. We reject both arguments.

1.    Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claim, Dukes must show that (1) his attorney's performance was deficient, and (2) that deficiency was prejudicial. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). An attorney's performance is deficient if it falls below

4

an objective standard of reasonableness. *Grier*, 171 Wn.2d at 33. Such deficient performance is prejudicial if there is a reasonable probability that the result of the proceedings would have been different in its absence. *Grier*, 171 Wn.2d at 34. Reasonable probability in this context means a probability sufficient to undermine confidence in the outcome. *Grier*, 171 Wn.2d at 34.

The record shows that even if defense counsel's performance was deficient in not objecting to evidence regarding the 2007 incident and conviction, Dukes suffered no prejudice. Although Dukes' counsel did not *initially* object to evidence of the 2007 incident, he did object once Wilson began to testify about the details of that incident. The trial court overruled the objection, noting that the evidence was important for determining Wilson's credibility. Counsel again challenged the admissibility of the 2007 domestic violence evidence when the State expressed its intention to have the responding officers testify as to the details. Counsel was again unsuccessful. Nothing in the record indicates that if counsel had objected earlier on the same grounds the court would have ruled differently.

Dukes has shown no reasonable probability that the outcome of his trial would have been any different had his attorney initially objected to Wilson's testimony about the 2007 incident. Therefore, we reject Dukes' ineffective assistance of counsel claim.

2.  Admission of Evidence

Dukes also argues that the trial court abused its discretion in admitting evidence regarding the 2007 domestic violence incident. However, as discussed above, counsel did not object to evidence that the 2007 incident occurred or that Dukes was convicted based on that incident. Therefore, under RAP 2.5(a) Dukes cannot challenge the admissibility of that

evidence. Dukes did object to admission of certain detailed evidence regarding the 2007 incident. We address his argument in that context.

We review the trial court's interpretation of ER 404(b) de novo as a matter of law. *State v. Fisher*, 165 Wn.2d 727, 745, 202 P.3d 937 (2009). If the trial court interprets the rule correctly, we review the decision to admit evidence under ER 404(b) for abuse of discretion. *Fisher*, 165 Wn.2d at 745. A trial court abuses its discretion if it fails to abide by the rule's requirements. *Fisher*, 165 Wn.2d at 745.

Under ER 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, this evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." ER 404(b). ER 404(b)'s list of other purposes for which evidence of a defendant's prior misconduct may be introduced is not exclusive. *State v. Baker*, 162 Wn. App. 468, 473, 259 P.3d 270 (2011). ER 404(b) must be read in conjunction with ER 403, which requires the trial to court to exercise its discretion in evaluating whether relevant evidence is unfairly prejudicial. *State v. Gunderson*, No. 89297-1, 2014 WL 6601061, at *7 (Wash. Nov. 20, 2014).

Before a trial court admits evidence under ER 404(b), it must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for admitting the evidence, (3) determine the relevance of the evidence to prove an element of the crime, and (4) weigh the probative value of the evidence against its prejudicial effect. *Gunderson*, 2014 WL 6601061, at *6. The trial court must complete this ER 404(b) analysis on the record in order to permit the appellate court to determine whether the trial court's exercise of discretion was based on careful

6

and thoughtful consideration of the issue. *Gunderson*, 2014 WL 6601061, at \*7. However, when the record as a whole allows us to decide the admissibility of evidence, a trial court's failure to articulate the ER 404(b) balancing process on the record is not reversible error. *State v. Gogolin*, 45 Wn. App. 640, 645, 727 P.2d 683 (1986).

Here, the trial court abused its discretion by failing to make the required on-record findings as to whether the misconduct occurred and whether its probative value outweighed any unfair prejudicial effect. The trial court identified the purpose of the evidence and addressed its relevance, but engaged in no further analysis on the record. In addition, the trial court on the record ruled that this evidence was not inadmissible under ER 403, but without analysis. Because ER 404(b) requires the entire analysis to be made on the record, the trial court erred.

But because the record before us is sufficient to determine admissibility, this procedural error was not reversible error. The record shows that evidence regarding the details of the 2007 incident was admissible under ER 404(b). The State did not offer the evidence to show Dukes' bad character or to establish Dukes' propensity for violence. Instead, the State offered the evidence to help the jury assess Wilson's credibility as a witness in light of her inconsistent statements.

When the victim's credibility is at issue, evidence of the defendant's prior physical abuse of the victim may be admissible under ER 404(b) to explain the victim's conduct in reporting subsequent abuse. *State v. Magers*, 164 Wn.2d 174, 185, 189 P.3d 126 (2008); *Baker*, 162 Wn. App. at 475. As Division One of this court noted in *Baker*:

> "[V]ictims of domestic violence often attempt to placate their abusers in an effort to avoid repeated violence, and often minimize the degree of violence when discussing it with others. . . . The [victim's] credibility was a central issue at trial.

7

The jury was entitled to evaluate her credibility with full knowledge of the dynamics of a relationship marked by domestic violence and the effect such a relationship has on the victim."

162 Wn. App. at 475 (quoting *State v. Grant*, 83 Wn. App. 98, 107-08, 920 P.2d 609 (1996)).

The trial court recognized the limited purpose of the 2007 incident evidence. The trial court gave the jury a limiting instruction stating that the jury could consider the evidence only for the purpose of assessing Wilson's state of mind and credibility and answering the special verdict question regarding the aggravating factor. We hold that admitting this evidence for these purposes was appropriate.[1]

Even though the trial court abused its discretion by failing to conduct the full required on-record analysis, we decline to reverse because the evidence was admissible. The admitted evidence was relevant to explain Wilson's inconsistencies in identifying Dukes as her attacker, and the trial court's limiting instruction appropriately curtailed the potential for unfair prejudice. Therefore, we hold that the evidence was admissible under ER 404(b) and the trial court's failure to make the required findings on the record was not reversible error.

B.    EXCLUSION OF SUICIDE ATTEMPT EVIDENCE

Dukes argues that the trial court violated his right to present a defense by excluding evidence of Wilson's 2007 suicide attempt. He claims that the suicide attempt evidence should have been admitted because that evidence was necessary to support a planned defense that

---

[1] The trial court also ruled that evidence regarding the 2007 incident was admissible because it was relevant to the charged domestic violence aggravator. Under former RCW 9.94A.535(3)(h)(i) (2006), an aggravating factor was that an offense involved domestic violence and was "part of an ongoing pattern of psychological, physical, or sexual abuse of the victim manifested by multiple incidents over a prolonged period of time." Because we hold that the evidence was admissible on other grounds, we need not address admissibility on this basis.

8

Wilson may have been responsible for her own injuries. We hold that this was improper propensity evidence inadmissible under ER 404(b), and therefore that the trial court did not violate Dukes' right to present a defense.[2]

A criminal defendant has a constitutional right to question witnesses and offer evidence in his defense. *State v. Jones*, 168 Wn.2d 713, 720, 230 P.3d 576 (2010). However, this right is limited by rules governing the admissibility of evidence. *State v. Finch*, 137 Wn.2d 792, 825, 975 P.2d 967 (1999); *see also State v. Donald*, 178 Wn. App. 250, 263-64, 316 P.3d 1081 (2013), *review denied*, 180 Wn.2d 1010 (2014).

We normally review evidentiary rulings for an abuse of discretion. *State v. Williams*, 137 Wn. App. 736, 743, 154 P.3d 322 (2007). But we review de novo claims that a defendant has been denied his constitutional right to present a defense. *Jones*, 168 Wn.2d at 719. In *Donald*, Division One of this court recognized the conflict between these two standards when the defendant asserts a constitutional right to present a defense. 178 Wn. App. at 255. The court did not resolve this conflict because it held that the trial court did not err under either standard. *Donald*, 178 Wn. App. at 255. We adopt the same approach.

---

[2] Unlike for admission of the 2007 incident evidence, the trial court was not required to conduct the four-part ER 404(b) analysis on the record to *exclude* the suicide attempt evidence. Evidence of prior bad acts is presumptively inadmissible to show conformity with bad character under ER 404(b). *State v. Gresham*, 173 Wn.2d 405, 421, 269 P.3d 207 (2012). The four-part analysis outlined above applies only where the trial court rules that the offering party has overcome the presumption of inadmissibility.

As discussed above, under ER 404(b) "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."[3] Dukes apparently offered the suicide attempt evidence to put forward the theory that Wilson had set herself on fire.[4] Evidence of the suicide attempt at least arguably supports an inference that Wilson may have attempted to harm herself again in 2012, and therefore that Dukes may not have been responsible for her injuries. However, this inference would require the jury to infer that Wilson had a propensity for self-harm and that she acted in accordance with that propensity. Under ER 404(b), propensity evidence of this sort is irrelevant and must be excluded. Therefore, we hold that evidence of Wilson's suicide attempt was inadmissible propensity evidence under ER 404(b).

Dukes does not specifically address ER 404(b) regarding the suicide attempt evidence, arguing only that his constitutional right to present a defense requires that the evidence be admitted. However, Division One of this court after a lengthy analysis rejected an argument that application of ER 404(b) violated the right to present a defense. *Donald*, 178 Wn. App. at 258-

---

[3] It could be argued that a suicide attempt is not the type of "bad" act that is inadmissible under ER 404(b). However, our Supreme Court in *State v. Everybodytalksabout* held that ER 404(b) applies to any prior acts used to show that the person acted in conformity therewith, not only acts that constitute misconduct unpopular or disgraceful. 145 Wn.2d 456, 465-68, 39 P.3d 294 (2002).

[4] Dukes also seems to indicate that the evidence was offered to impeach Wilson's credibility. Testimonial evidence of a witness's past conduct is relevant for impeachment purposes and potentially admissible "if probative of truthfulness or untruthfulness." ER 608(b). But it is unclear how Wilson's suicide attempt would have been probative of her truthfulness or untruthfulness in this case. As a result, the evidence was irrelevant for impeachment purposes and therefore inadmissible under ER 608.

10

272. We agree with Division One. Accordingly, we hold that exclusion of the suicide attempt evidence did not violate Dukes' right to present a defense.

C.    CUMULATIVE ERROR

Dukes argues that the cumulative effect of the assigned errors discussed above deprived him of his right to a fair trial. An accumulation of non-reversible errors may deny a criminal defendant a fair trial and warrant reversal. *State v. Davis*, 175 Wn.2d 287, 345, 290 P.3d 43 (2012). But the defendant bears a burden to show multiple trial errors and that the accumulated prejudice from those errors affected the outcome of his or her trial. *State v. Price*, 126 Wn. App. 617, 655, 109 P.3d 27 (2005). Dukes' argument fails because the trial court's only error was failing to conduct the ER 404(b) analysis on the record, and that error is immaterial because evidence regarding the 2007 assault was admissible.

D.    REMAND FOR CORRECTION OF JUDGMENT AND SENTENCE

Dukes asks us to remand with directions to the trial court to correct his judgment and sentence to reflect that the marijuana possession charge against him was dismissed. We may remand for correction of this sort under certain circumstances. *See In re Pers. Restraint of Mayer*, 128 Wn. App. 694, 701-02, 117 P.3d 353 (2005); CrR 7.8(a). But, as we noted in *State v. Davis*, we have the discretion not to remand when a judgment fails to list dismissed charges but accurately reflects the defendant's convictions. 176 Wn. App. 849, 887, 315 P.3d 1105 (2013), *review granted*, 179 Wn. 2d 1014 (2014).

Like the appellants in *Davis*, Dukes cites no authority showing that remand is warranted in this particular situation. 176 Wn. App. at 887. Therefore, we decline to remand for correction of the judgment to reflect dismissal of the marijuana possession charge.

44892-1-II

We affirm Dukes' convictions and decline to remand for correction of the judgment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

BJORGEN, A.C.J.

MELNICK, J.

12